**Reynold Nocke Fernando GANDASULI; Meyliana Priscilia Tjia, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–70705.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Rene L. Rocque, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Reynold Nocke Fernando Gandasuli, and his wife Meyliana Priscilia Tjia, natives and citizens of Indonesia, petition for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the BIA's determination that the specific treatment petitioners suffered did not rise to the level of persecution, *see Singh v. INS*, 134 F.3d 962, 967–68 (9th Cir.1998), and does not provide a basis for a well-founded fear of persecution, *see id.* at 969–70.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' due process contention is unpersuasive because they fail to show how they were prejudiced by the BIA's adjudicating their asylum application on the merits, without first reviewing the IJ's determination that the application was untimely. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 383 (9th Cir.2003). We also find unpersuasive petitioners' contention that the BIA denied them due process by issuing an opinion without explaining the aspects of the IJ's decision that it endorsed, and those that it rejected. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.